UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN EMERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTA MITCHELL,<br><br>Defendant. | No. 2:19-cv-0810 TLN DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

On May 7, 2019, defendant Krista Mitchell filed a notice of removal of this action, Yolo County Superior Court Case No. PT18-696, from the Yolo County Superior Court, along with a motion to proceed in forma pauperis.[1] (ECF Nos. 1 & 2.) Defendant is proceeding in this action pro se. Accordingly, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, defendant previously removed Yolo County Superior Court Case No. PT18-696, to this court on August 13, 2018. See Emerson v. Mitchell, No. 2:18-cv-2200 TLN

---

[1] On June 13, 2019, defendant filed a motion for summary judgment and noticed the motion for hearing on July 19, 2019. (ECF No. 4.) In light of these findings and recommendations, the defendant's motion will be denied with prejudice to renewal.

1

DB PS. In that action, the undersigned issued findings and recommendations recommending that the matter be summarily remanded to the Yolo County Superior Court due to a lack of subject matter jurisdiction. See Emerson v. Mitchell, No. 2:18-cv-2200 TLN DB PS, 2018 WL 4794199, at *3 (E.D. Cal. Oct. 3, 2018). After defendant retained counsel, those findings and recommendation were vacated, and the assigned District Judge issued an order on March 28, 2019, remanding the matter "sua sponte to the Superior Court of California, Yolo County, due to lack of subject matter jurisdiction." Emerson v. Mitchell, No. 2:18-cv-2200 TLN DB, 2019 WL 1405600, at *1 (E.D. Cal. Mar. 28, 2019).

In this regard, defendant's attempt to again remove this action is in blatant disregard and violation of the assigned District Judge's prior order. Moreover, defendant's notice of removal fails to identify a change in plaintiffs' complaint that would provide this court with subject matter jurisdiction. Defendant asserts that after the matter was remanded plaintiff's "filed an ex parte motion raising a federal question[.]" (ECF No. 1 at 3.) Assuming arguendo that this were true, the existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, a federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936); see also Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974).

In light of the assigned District Judge's prior order, and the apparent lack of subject matter jurisdiction, the undersigned finds that this matter should be summarily remanded to the Yolo County Superior Court.

Accordingly, IT IS HEREBY ORDERED that defendant's June 13, 2019 motion for summary judgment (ECF No. 4) is denied without prejudice to renewal.

Also, IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Yolo County Superior Court; and

2. The Clerk of the Court be ordered not to open another case removing Yolo County Superior Court Case No. PT18-696.

////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/emerson0810.ifp.f&rs